JAMES T. MORRIS,                        )
                                        )
        Plaintiff/Appellee,             )       Appeal No.
                                        )       01-A-01-9605-CH-00247
v.                                      )
                                        )       Davidson Chancery
THE BOARD OF EDUCATION OF THE           )       No. 95-3084-III
METROPOLITAN NASHVILLE PUBLIC           )
SCHOOLS,                                )
                                        )
        Defendant/Appellant.            )

**FILED**

**January 8, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE


THE HONORABLE ROBERT S. BRANDT, CHANCELLOR



CHARLES HAMPTON WHITE
RICHARD L. COLBERT
Cornelius & Collins
Suite 2700
Nashville City Center
511 Union Street
P. O. Box 190695
Nashville, Tennessee  37219
        ATTORNEYS FOR PLAINTIFF/APPELLEE



JAMES L. MURPHY, III
JUDY J. SHELL
204 Metropolitan Courthouse
Nashville, Tennessee  37201
        ATTORNEYS FOR DEFENDANT/APPELLANT




AFFIRMED AND REMANDED




                        SAMUEL L. LEWIS, JUDGE

# O P I N I O N

Defendant/appellant, the Board of Education of the Metropolitan Nashville Public Schools ("Board"), appeals from the judgment of the Chancery Court for Davidson County which held that the Board could not use an Administrative Law Judge ("ALJ") to conduct a hearing on whether to dismiss plaintiff/appellee, James Morris, a non-tenured teacher in the Metro school system. The facts out of which this case arose are as follows.

The Board employed plaintiff as a teacher at the Carter Lawrence Middle School during the 1994-95 school year. In 1995, plaintiff was charged with having improperly administered corporal punishment.[1] In a letter dated 27 June 1995, the superintendent of schools informed plaintiff of the charges made against him and that a hearing had been set for 1 August 1995. After conducting the hearing, the superintendent determined that plaintiff's conduct warranted his dismissal and placed him on leave without pay.

The superintendent presented the charges against plaintiff to the Board and recommended that the Board dismiss plaintiff from his employment. Subsequently, the superintendent notified plaintiff in writing that the Board had voted that, if true, the charges against plaintiff warranted his dismissal. Along with the notification, the superintendent supplied plaintiff with a copy of the charges that the superintendent had forwarded to the Board and a copy of a memorandum furnished by the Commissioner of Education for the State of Tennessee regarding plaintiff's right to demand a hearing.

---

[1] Corporal punishment is permitted in Metro public schools if done pursuant to procedures set forth in school policy.

Plaintiff requested a hearing before the Board on the charges. Thereafter, the Board voted to have an ALJ hear the case. Before the hearing, plaintiff filed a complaint for declaratory judgment and injunctive relief. Plaintiff asked the court to issue a restraining order enjoining the Board from using an ALJ. Plaintiff claimed that the use of the ALJ as proposed by the Board violated the provisions of Tennessee Code Annotated section 49-5-512 and plaintiff's right to due process.

On 6 October 1995, the court entered a memorandum opinion. The court held that the Board, not the superintendent, had the authority to terminate plaintiff. In addition, it held that Tennessee Code Annotated section 49-5-512 contemplates that the hearing will be before the Board, not an ALJ. The court also held that title 7, chapter 7 of Tennessee Code Annotated does not allow the Board to use an ALJ because the act only applies to "appellate boards." On that same day, the court entered an order restraining and enjoining the Board from having an ALJ conduct a contested case hearing on the charges against plaintiff. The court did note, however, that the Board could conduct the hearing itself as long as the hearing was in compliance with Tennessee Code Annotated section 49-5-512.

On 2 November 1995, plaintiff filed a motion for summary judgment. The Board filed a response and a cross-motion for summary judgment. As stated by the court, the only issue remaining was: "Is the Metropolitan Board of Education authorized to have an administrative law judge conduct Mr. Morris' dismissal hearing?" On 8 January 1996, the court entered its final judgment granting summary judgment in favor of plaintiff. The court found as follows:

> That the Metropolitan Board of Education cannot
> have an administrative law judge conduct a hearing
> that the Metropolitan Board of Education could rely

3

upon to dismiss the Plaintiff. The recently enacted statute, T.C.A. § 7-7-105, only authorizes administrative law judges to conduct hearings on matters appealed to boards and commissions of the county. The hearing that is contemplated before the Metropolitan Board of Education would not be an appeal to a board or commission because Title 49 of the Tennessee Code provides that only the Metropolitan Board of Education has the authority to dismiss Mr. Morris. Therefore, an administrative law judge may not conduct Mr. Morris' dismissal hearing.

Thereafter, the Board filed a timely notice of appeal and presented the following issues:

1. Title 49 provides that it is the duty of the school superintendent to dismiss non-tenured teachers when appropriate. Title 49 provides that it is the duty of the Board of Education to dismiss tenured teachers. In each case, the teacher must have an opportunity to be heard. Must a hearing be conducted by the Board of Education before a non-tenured teacher may be dismissed?

2. Section 7-7-105 of the Tennessee Code permits county boards, such as the Board of Education, to use administrative law judges to hear matters appealed to the boards. Does Title 49's hearing requirement prohibit the Board of Education from using an administrative law judge, as expressly permitted in section 7-7-105, to hear an appeal from a dismissal of a non-tenured teacher?

We respectfully disagree with the trial court's determination that only the Board had the authority to dismiss plaintiff. Plaintiff is a non-tenured teacher. The General Assembly has provided that the superintendent, not the Board, has the authority and duty to dismiss non-tenured teachers.[2]

---

[2]

Tenn. Code Ann. § 49-2-301(f)(31) & (33)(1996). This section provides as follows:.
    (f)  It is the duty of the board of education to assign to its superintendent the duty to:
     . . . .
    (31) Employ, transfer, suspend, non-renew and dismiss all personnel within the approved budget, except as provided in § 49-2-203(a)(1) and in chapter 5, part 5 of this title;
     . . . .
    (33) The superintendent may dismiss any employee under the superintendent's jurisdiction for incompetence, inefficiency, insubordination, improper conduct or neglect of duty; provided, that no one shall be dismissed without first having been given in writing, due notice of the charge or charges and an opportunity for defense . . . .
Id. (emphasis added).

4

Tennessee Code Annotated section 49-2-301(f)(31) provides that the Board is to assign the superintendent the duty of dismissing certain personnel except those covered under Tennessee Code Annotated section 49-2-203(a)(1) and title 49, chapter 5, part 5. Tenn. Code Ann. § 49-2-301(f)(31)(1996). Tennessee Code Annotated section 49-2-203(a)(1) provides:

> (a) It is the duty of the local board of education to:
>
> (1) . . . Elect, upon the recommendation of the superintendent, teachers who have attained or are eligible for tenure and fix the salaries of and make written contracts with such teachers.

Tenn. Code Ann. § 49-2-203(a)(1)(1996). This section applies only to tenured teachers. The references to personnel in title 49, chapter 5, part 5 are also to tenured teachers. Moreover, the attorney general has opined that title 49 permits superintendents to hire, fire, transfer or suspend employees other than tenured teachers without school board approval. Tenn. Op. Atty. Gen. No. 93-66 (1993). We agree with this opinion.


Tennessee Code Annotated section 49-2-301(f)(33) establishes the procedure that the superintendent must follow before dismissing employees under the superintendent's jurisdiction. First, the employee must receive written notice of the charges. Second, the superintendent must provide the accused an opportunity to defend himself. Tenn. Code Ann. § 49-2-301(f)(33)(1996).


Recently, the United States District Court for the Eastern District of Tennessee entered a Memorandum Opinion in a case involving similar facts. *Moore v. Board of Educ.*, No. 2:94-CV-274 (E.D. Tenn. 23 Apr. 1996) (Memorandum Opinion). Specifically, the district court addressed the plaintiff's claim that the procedures set forth in Tennessee Code Annotated section 49-2-301(f)(33) failed to satisfy due process requirements. In *Moore*, the

5

superintendent gave the teacher written notice of the charge against her and an opportunity to defend herself in a hearing before the superintendent. *Id.* at 5-7. Like the plaintiff in this case, the teacher was represented by an attorney. *Id.* at 4. The district court considered the teacher's claim that she had been denied due process and held as follows:

> It is obvious from the facts that [the teacher] was given a pre-termination "right of reply hearing" with the essential elements of due process as required by <u>Cleveland Board of Education v. Loudermill</u>, 470 U.S. 532 at 546, 105 S.Ct. 1487, 94 L. Ed. 2d 494 (1985). She was given written notice of the charges, an explanation of her employer's evidence, and an opportunity to present her side of the story at a hearing, with the assistance of counsel.
> . . . .
> In our case, it is clear that [the teacher] <u>was</u> accorded the termination procedures offered to non-tenured teachers under the Education Improvement Act of 1991. The proof was that [the superintendent] relied upon Tennessee Code Annotated section 49-2-301(f)(33) . . . . [I]t is clear that Ms. Moore received the process to which she was due under this statute . . . .

*Id.* at 13-16.

The General Assembly has given the board of education the duty of dismissing teachers. In addition, it has given the boards the duty to assign the duty of terminating non-tenured teachers to superintendents. Tenn. Code Ann. §§ 49-2-203(a)(7) & -301(f)(31) & (33)(1996). It is the opinion of this court that these sections reflect the General Assembly's intention to increase the superintendent's powers to administer the schools and must include the ability to dismiss non-tenured teachers.

In the instant case, the superintendent gave plaintiff written notice of the charges against him. The superintendent also gave plaintiff an opportunity to present a defense at a hearing. The superintendent conducted a hearing on 1 August 1995 which plaintiff attended with his attorney. After plaintiff was given

6

written notice of the charges against him and a hearing, the superintendent determined that plaintiff should be dismissed. Nevertheless, he did not dismiss plaintiff. Instead, he simply referred the charges to the Board and suspended plaintiff without pay. The Board insists that any hearing after the superintendent's action would be in the nature of an appeal. Thus, the Board argued that Tennessee Code Annotated section 7-7-105, which allows administrative agencies to use ALJ's to hear matters appealed to them, authorized it to use an ALJ to conduct the hearing.

The chancery court held that an ALJ could not conduct plaintiff's hearing. The court found that only the Board could dismiss Mr. Morris. Based on this finding, the court reasoned that the hearing before the Board would not have been an appeal.

While we agree with the end result reached by the court, we can not agree with the reasoning. Clearly, the statutes grant the superintendent the authority to dismiss non-tenured teachers such as Mr. Morris. Ironically, the fact is that in this case the superintendent failed to exercise that authority. Instead, he simply suspended plaintiff and referred the charges to the Board. Thus, this is not an appeal because neither the superintendent nor the Board made a decision to dismiss plaintiff. That is, plaintiff has never been dismissed on the charge of insubordination. Because the hearing is not an appeal, the Board may not use an ALJ.

In conclusion, it is the opinion of this court that Tennessee Code Annotated section 49-2-301(f) grants superintendents the authority to dismiss non-tenured teachers. A superintendent must, however, comply with the procedural requirements set forth in Tennessee Code Annotated section 49-2-301(f)(33) in order to satisfy due process requirements when exercising that authority.

Finally, as to the present case, the Board can not use an ALJ because neither the superintendent nor the Board terminated Mr. Morris.

Therefore, it results that the judgment of the chancery court is affirmed in results only. We note that this decision does not in any way affect any other rights plaintiff may have against the Board. Costs on appeal are assessed to defendant/appellant, The Board of Education of the Metropolitan Nashville Public Schools, and the cause is remanded to the chancery court for any further necessary proceedings.


_____
SAMUEL L. LEWIS, JUDGE


CONCUR:


_____
HENRY F. TODD, P.J., M.S.


WILLIAM C. KOCH, JR., JUDGE
DISSENTING IN SEPARATE OPINION

8